UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. _____ |
| COMPANIA INTERNACIONAL FINANCIERA S.A., COUDREE CAPITAL GESTION S.A., and CHARTWELL ASSET MANAGEMENT SERVICES, | : | ECF CASE |
| Defendants. | : | |



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-11

### ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING AND REPATRIATING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission for an order:

(1) Directing Defendants Compania Internacional Financiera S.A. ("CIF"), Coudree Capital Gestion S.A. ("Coudree"), and Chartwell Asset Management Services ("Chartwell") to show cause why an order should not be entered, pending a final disposition of this action (a) freezing Defendants' assets; (b) requiring Defendants to repatriate assets currently outside this Court's jurisdiction; (c) prohibiting Defendants and any person under their control or working in concert with them in any fashion from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records;

(2) Directing Defendants to show cause why an order should not be entered, pending a final disposition of this action, preliminarily enjoining Defendants from

violating (a) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and

(3) Pending a hearing and adjudication of the foregoing, (a) freezing certain of Defendants' assets; (b) prohibiting Defendants from violating the foregoing statute and rule; (c) directing Defendants to repatriate all assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States; (d) directing expedited discovery; (e) providing for alternative means of service of process; and (f) prohibiting Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records.

The Court has considered (1) the Complaint filed by the Commission on July 15, 2011; (2) the July 15, 2011 Declaration of Thomas Rappaport, with Exhibits; and (3) the Memorandum of Law in Support of Plaintiff's Emergency Application for an *Ex Parte* Temporary Restraining Order Freezing Assets and Granting Other Relief, and for an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued, dated July 15, 2011.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 21(d) of the Exchange Act has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that the Defendants have violated, and, unless temporarily restrained, will continue to violate, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as charged in the Complaint;

It appears that an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties;

It appears that the Defendants may attempt to dissipate or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties;

It appears that the Defendants may attempt to destroy, alter or conceal documents; and

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at _10 o'clock_ a.m. on the _25th_ day of _July_ 2011, in Room _11B_ of the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 21 of the Exchange Act, preliminarily enjoining the Defendants from violating Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

### II.

**IT IS HEREBY FURTHER ORDERED** that each Defendant show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this

3

action, each Defendant and each of its financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, email service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendant(s), including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with Defendant(s) (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendant(s) to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties.

### III.

**IT IS HEREBY FURTHER ORDERED** that each Defendant show cause at that time why the Court should not enter an Order directing the Defendant and each of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, email service, facsimile service or otherwise, and each of them, are preliminary enjoined, restrained, and enjoined from, directly or

singly or in concert, destroying, altering, concealing or otherwise interfering with the lawful access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendant(s) and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, any entity owned or controlled by, related to, associated or affiliated with any Defendant or any combination of them, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the finances or business operations of the Defendant(s).

## IV.

**IT IS HEREBY FURTHER ORDERED**, that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and each their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service, email service, facsimile service or otherwise, are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

**IT IS HEREBY FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or proceeds held in any account through which, directly or indirectly, trades were made, placed or otherwise effectuated in the securities of Arch Chemicals Inc., whether held by, or under the direct or indirect control of the Defendant(s), including, but not limited to, the Affiliated Entities, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendant(s) to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties.

VI.

**IT IS HEREBY FURTHER ORDERED** that, within three (3) business days of notice of the entry of this Order, each Defendant shall repatriate all assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States, and that the Defendant(s) direct the return of such assets to the Registry of the Court, pending conclusion of this matter.

VII.

**IT IS HEREBY FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission and the receiver to any and all documents, books, and records that are in the possession, custody or control of the Defendant(s) and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the finances or business operations of the Defendant(s).

VIII.

**IT IS HEREBY FURTHER ORDERED** that, pending final disposition of this matter,

(1)   that Defendant and each of his creditors, principals, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive

actual notice of this Order by personal service, facsimile service or otherwise, be and hereby are, restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendant(s), without first seeking leave from this Court, with at least forty-eight (48) hours notice to the Commission. Leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action; and

(2)   no creditor of or claimed against the Defendant(s), or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession or management of the assets.

### IX.

**IT IS HEREBY FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

(1)   Take depositions, subject to two (2) calendar days' notice by service by facsimile, personal, email or otherwise;

(2)   Obtain the production of documents, within three (3) calendar days from service by facsimile, personal, email or otherwise of a request or subpoena from any persons or entities, including non-party witnesses;

(3)   Obtain other discovery, including further interrogatories, requests for admissions, and requests to inspect the residences, premises and files of Defendant within three (3) calendar days from the date of service by facsimile, personal, email or

otherwise of such other discovery requests, interrogatories, requests for admissions or requests for inspection;

(4) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, email or first-class mail on an individual, entity or the individual's or entity's attorney; and

(5) Any subpoenas either for documents or for testimony previously issued by the Commission are still in effect, and the deadlines set forth in those subpoenas remain operative.

## X.

*DLC* IT IS HEREBY FURTHER ORDERED that service of ~~all pleadings and other papers, including the Summons, the Complaint,~~ this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, by electronic mail, by mail, or as the Court may direct by further order, consistent with the Federal Rules of Civil Procedure, *except that service of the Summons and Complaint shall be in accordance with Rule 4, Fed. R. Civ. P.*

## XI.

IT IS FURTHER ORDERED that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys in fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, email service, facsimile service or otherwise.

_____
UNITED STATES DISTRICT JUDGE

*Part I*

9

Issued at:     5:00 p.m.
July 15, 2011
New York, New York