USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

COMPANIA INTERNACIONAL
FINANCIERA S.A., COUDREE CAPITAL
GESTION S.A., and CHARTWELL ASSET
MANAGEMENT SERVICES,

        Defendants.

Civil Action 11-CV-04904 (DLC)

ECF CASE

---

### PRELIMINARY INJUNCTION ORDER, ORDER FREEZING ASSETS, AND OTHER EQUITABLE RELIEF

**WHEREAS**, the Court has considered the Complaint, Plaintiff Securities and Exchange Commission's ("Commission") Memorandum of Law in Support of Application for Preliminary Injunction, Order Freezing Assets and Other Preliminary Relief, Plaintiff Securities and Exchange Commission's Amended Request for Findings of Fact and Conclusions of Law and all other documents relevant to disposition of the Commission's pending Application for a Preliminary Injunction, Order Freezing Assets and Other Preliminary Relief ("Order"), including all of Defendant Chartwell Asset Management Services' ("Chartwell") submissions; and

**WHEREAS**, the Court held an oral argument on the Commission's requested relief on July 28, 2011; and

**WHEREAS**, the Court finds that the Commission has made a proper *prima facie* showing that: (1) Chartwell has directly or indirectly engaged in the violations alleged in the Complaint; (2) ~~there is a reasonable likelihood the violations in the Complaint (or violations~~ [handwritten initials]

1

~~similar thereto) will be repeated; (3)~~ there is a reasonable likelihood the Commission will prevail at trial; (4) unless restrained and enjoined by this Order, Chartwell may dissipate, conceal or transfer assets which could be subject to an order of disgorgement or to pay a civil monetary penalty in this action; and (5) entry of an order freezing assets is necessary to preserve the status quo; and

**WHEREAS**, the Court finds that the relief set forth in this Order is necessary and appropriate for the benefit of investors who may have been injured as a result of the conduct alleged in this lawsuit; and

**WHEREAS**, the Court is authorized to grant the relief set forth in this Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)]

**I.**

**IT IS HEREBY ORDERED** that the Commission's Application for Preliminary Injunction, ~~Order Freezing Assets and Other Preliminary Relief Application for Preliminary~~ and ~~Injunction,~~ Order Freezing Assets and Other Preliminary Relief is hereby **GRANTED** in part.

**II.**

**IT IS HEREBY FURTHER ORDERED** that Chartwell, and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means

or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

  (a)  employing any device, scheme or artifice to defraud;

  (b)  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## III.

**IT IS HEREBY FURTHER ORDERED** that:

Chartwell and each of its financial and brokerage institutions and each of their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, and each of them, shall hold and retain all assets and funds *up to the amount of $18,607,980.00* of Chartwell presently held by them, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, held in any account through which, directly or indirectly, trades were made, placed or otherwise effectuated in the securities of Arch Chemicals Inc., whether held by, or under the direct or indirect control of Chartwell, including, but not limited to, whether held in its name or for any of its direct or indirect beneficial interest wherever situated or located, in whatever form such assets may presently exist and wherever situated or located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other

3

property of Chartwell to hold or retain within its or his/her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, **account number "C LSEUDG05" in the name of "Kristen Management Limited c/o Chartwell Asset Management Services SA" at ADM Investor Services International Limited.**

### IV.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

### V.

**IT IS HEREBY FURTHER ORDERED** that, within three (3) business days of notice of the entry of this Order, Chartwell shall repatriate all assets obtained from the activities described in the Complaint that are now located outside the territorial limits of the United States, and that Chartwell direct the return of such assets to the Registry of the Court [in the account of a U.S. financial institution] pending conclusion of this matter. [over which this Court has jurisdiction,]

### VI.

**IT IS HEREBY FURTHER ORDERED** that Chartwell and each of its agents, servants, employees and attorneys and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or

4

overnight delivery service, are hereby preliminarily enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Chartwell, or the misconduct described in the Complaint.

## VII.

**IT IS HEREBY FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

(a) Take depositions, subject to five (5) calendar days' notice by service by facsimile, personal, email or otherwise;

(b) Obtain the production of documents, within ten (10) calendar days from service by facsimile, personal, email or otherwise of a request or subpoena from any persons or entities, including non-party witnesses;

(c) Obtain other discovery, including further interrogatories, requests for admissions, and requests to inspect the residences, premises and files of the Defendants within ten (10) calendar days from the date of service by facsimile, personal, email or otherwise of such other discovery requests, interrogatories, requests for admissions or requests for inspection;

(d) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, email or first-class mail on an individual, entity or the individual's or entity's attorney; and

(e) Any subpoenas either for documents or for testimony previously issued by the parties are still in effect, and the deadlines set forth in those subpoenas remain operative.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunction shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action.

SO ORDERED:

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2011

New York, New York

3:15 p.m.