UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>COMPANIA INTERNACIONAL FINANCIERA S.A., COUDREE CAPITAL GESTION S.A., and CHARTWELL ASSET MANAGEMENT SERVICES,<br><br>　　　　　　　　Defendants. | Case No. 11 Civ. 4904 (DLC)<br><br>ECF CASE |

**DEFENDANT CHARTWELL ASSET MANAGEMENT SERVICES'
ANSWER TO THE COMPLAINT**

Defendant Chartwell Asset Management Services ("Chartwell") hereby answers the Complaint filed by Plaintiff Securities and Exchange Commission ("SEC" or "Commission") on July 15, 2011 as set forth below.  Chartwell denies the allegations in the Complaint except as specifically admitted, denies any allegations as to which there is no specific response, denies all titles, headings, subheadings, and any other material not contained in numbered paragraphs, and denies that it violated the securities laws in any way.

**ANSWER TO SUMMARY OF THE ACTION**

1.　　　Chartwell admits that the Commission has brought an insider trading action, but denies that it engaged in any violations of law.  Chartwell further admits that Arch Chemicals, Inc. ("Arch") is based in Norwalk, Connecticut and that its common stock trades on the New York Stock Exchange ("NYSE").  Chartwell further admits that it is based in Switzerland and that, on behalf of Kristen Management ("Kristen"), it purchased contracts for difference ("CFDs") referencing Arch common stock in London from July 5 through July 8, 2011.

Chartwell further admits that Lonza Group Ltd. ("Lonza") is based in Switzerland and that, on July 11, 2011, it announced an agreement to acquire Arch for $47.20 per share.  Chartwell further admits that during the week prior to July 11, 2011, Arch's common stock increased by approximately 21 percent, and that by the close of trading on July 11, 2011, the price of Arch common stock had risen approximately 12 percent to $47.37.  Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 1.

2. Chartwell admits that, on July 11, 2011, on behalf of Kristen, it sold CFDs referencing Arch common stock that it had purchased on behalf of Kristen during the prior week and that the profits of the sale totaled approximately $4,651,995.  Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 2.

3. Chartwell admits that the Commission has brought an insider trading action, but denies that it engaged in any violations of law.  Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 3.

## ANSWER TO JURISDICTION AND VENUE

4. Chartwell admits that this Court has subject matter jurisdiction over this matter and that, on behalf of Kristen, it purchased CFDs referencing Arch common stock in London.  Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 4.

5.      Chartwell admits that venue lies in this Court, that Arch's common stock trades on the NYSE under the ticker symbol "ARJ," and that, on behalf of Kristen, Chartwell purchased CFDs referencing Arch common stock in London.  Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 5.

6.      Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 6.

## ANSWER TO DEFENDANTS

7.      Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.      Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      Chartwell admits the allegations of Paragraph 9.

## ANSWER TO RELEVANT ENTITIES

10.     Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Arch's state of incorporation or whether Arch's common stock is registered with the Commission.  Chartwell admits the remaining allegations of Paragraph 10.

11.     Chartwell admits the allegations of Paragraph 11.

## ANSWER TO FACTUAL ALLEGATIONS

12.     Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.     Chartwell admits that, on behalf of Kristen, it purchased CFDs referencing Arch common stock through ADM Investor Services International ("ADM") from July 5 through July

8, 2011 and that ADM is an introducing broker.  Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the CFD trades were routed through Chevreaux de vine ("Chevreaux") or whether Chevreaux is a Paris-based broker-dealer with a London office.  Chartwell denies the remaining allegations of Paragraph 13.

14.     Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies that its trades in CFDs referencing Arch common stock on behalf of Kristen were in any way "unlawful" or that Chartwell violated the securities laws in any way.  Chartwell admits the remaining allegations of Paragraph 14.

15.     Chartwell denies the allegations of Paragraph 15.

16.     Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell admits that, on behalf of Kristen, it sold its position in CFDs referencing Arch common stock on July 11, 2011, after Lonza and Arch announced Lonza's acquisition of Arch.  Chartwell denies the remaining allegations of Paragraph 16.

17.     Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell admits that the profits of its sale of CFDs referencing Arch common stock on behalf of Kristen totaled approximately $4,651,995.  Chartwell denies the remaining allegations of Paragraph 17.

18.     Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  Chartwell denies the remaining allegations of Paragraph 18.

## ANSWER TO CLAIM FOR RELIEF

### Answer to Violations of Exchange Act Section 10(b) and Rule 10b-5 Promulgated Thereunder

19. Chartwell incorporates by reference its answers to the above Paragraphs as if fully set forth herein.

20. Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants. Chartwell denies the remaining allegations of Paragraph 20.

21. Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants. Chartwell denies the remaining allegations of Paragraph 21.

22. Chartwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants. Chartwell denies the remaining allegations of Paragraph 22.

## AFFIRMATIVE DEFENSES

Chartwell asserts the following affirmative defenses to the allegations and claims set forth in the Complaint. Chartwell does not assume the burden of proof for any issue as to which applicable law places the burden on the Commission. Nor does Chartwell waive the right to amend this Answer to add, supplement, or modify defenses based on legal theories that may be revealed through clarification of the Complaint, discovery, or further analysis of the Commission's allegations. Chartwell incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

### FIRST DEFENSE

The Court lacks personal jurisdiction over Chartwell.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The claim alleged in the Complaint cannot be maintained, in whole or in part, because the Commission failed to plead the underlying facts with sufficient particularity.

## FOURTH DEFENSE

All harm, if any, resulted from the acts or omissions of third parties over whom Chartwell had no control.  The acts of such third parties constitute intervening or superseding causes of any alleged violations of the securities laws.

## PRAYER FOR RELIEF

WHEREFORE, Chartwell respectfully requests relief as follows:

(a) That the Court enter judgment in favor of Chartwell and against the Commission on all alleged claims for relief;

(b) That the Commission recovers nothing;

(c) That the Court award Chartwell its reasonable costs incurred in defending this action, including reasonable attorneys' fees; and

(d) That the Court grant Chartwell such other further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Chartwell hereby demands trial by jury on all issues so triable.

Dated: New York, New York
August 9, 2011

                          QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP

By: /s/ Marc L. Greenwald
    Marc L. Greenwald
    Kyle R. Taylor
    Ben M. Harrington
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Telephone:  (212) 849-7000
    Facsimile:  (212) 849-7100
    marcgreenwald@quinnemanuel.com
    kyletaylor@quinnemanuel.com
    benharrington@quinnemanuel.com

*Counsel for Defendant Chartwell Asset Management Services*

**CERTIFICATE OF SERVICE**

I, Kyle R. Taylor, an attorney, hereby certify that on August 9, 2011, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

    /s/ Kyle R. Taylor