UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>COMPANIA INTERNACIONAL FINANCIERA S.A., COUDREE CAPITAL GESTION S.A., and CHARTWELL ASSET MANAGEMENT SERVICES,<br><br>Defendants. | Civil Action No: 11-cv-04904<br><br>ECF CASE |

### ANSWER TO THE COMPLAINT FOR COMPANIA INTERNACIONAL FINANCIERA S.A. AND COUDREE CAPITAL GESTION S.A.

Defendants Compania Internacional Financiera S.A. ("Compania") and Coudree Capital Gestion S.A. ("Coudree") (collectively, "Defendants") hereby answer the Complaint filed by Plaintiff Securities and Exchange Commission ("Commission"). Defendants deny all allegations in the Complaint except for those specifically admitted, deny any allegations as to which there is no specific response, deny all titles, headings, subheadings, and any other material not contained in the numbered paragraphs, and deny that it violated the securities laws in any way.

### ANSWER TO SUMMARY OF THE ACTION

1.      Defendants admit that the Commission has brought an insider trading action, but deny that their purchases of the securities of Arch Chemicals Inc. ("Arch") were "suspicious." Defendants further admit that Arch is based in Norwalk, Connecticut and that its common stock trades on the New York Stock Exchange ("NYSE"). Defendants further admit that they are based in Switzerland. Defendants

further admit that they made purchases of Arch securities in the days leading up to July 11, 2011.  Defendants further admit that on July 11, 2011 Lonza Group Ltd. ("Lonza") announced that it would offer to acquire all of the outstanding common stock of Arch at a price of $47.20 per share.   Defendants lack knowledge or information sufficient to answer the remaining allegations in Paragraph 1.  Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell Asset Management Services ("Chartwell").

       2. Defendants admit that on or about July 11, 2011, after the announcement by Lonza that it was acquiring Arch, Defendants began selling the securities that had been acquired in the week prior to the announcement.  Defendants further admit that they made approximately $7,313,033 in trading profits. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

       3. Defendants admit that they are foreign entities.  Defendants deny the remaining allegations of Paragraph 3.  Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

## JURISDICTION AND VENUE

       4. Defendants admit that this Court has jurisdiction over this matter and that Defendants placed orders for the purchase of Arch's common stock on a national securities exchange. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

       5. Defendants admit that venue lies in this Court and that Arch's common stock trades on the NYSE under the ticker symbol "ARJ."  Defendants deny that

they engaged in any acts, practices, transactions, or courses of business constituting violations of the securities laws. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

6. Defendants deny the allegations made in Paragraph 6. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

## DEFENDANTS

7. Defendant Compania admits that it conducts business from one or more offices in Geneva, Switzerland. Defendant Compania further admits that it is owned and controlled by an individual named Yomi Rodrig. Defendant Compania admits that Yomi Rodrig is a Turkish national who resides in Geneva, Switzerland. Defendant Compania further admits that Compania and Rodrig have been sued in the past by the Commission for trading violations. Defendant Compania lacks knowledge or information sufficient to answer the remaining allegations in Paragraph 7.

8. Defendant Coudree admits that it is an entity based in Geneva, Switzerland that manages funds through a number of related entities. Defendant Coudree further admits that Coudree Global Equity Fund is a related fund of Defendant Coudree. Defendant Coudree denies that it is owned and controlled by Rodrig. Defendant Coudree lacks knowledge or information sufficient to answer the remaining allegations in Paragraph 8.

9. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

## RELEVANT ENTITIES

10. Defendants admit that Arch is a Norwalk, Connecticut-based company. Defendants lack knowledge or information sufficient to answer the remaining allegations of Paragraph 10.

11. Defendants admit that Lonza is a Swiss-based entity. Defendants lack knowledge or information sufficient to answer the remaining allegations of Paragraph 11.

## FACTUAL ALLEGATIONS

12. Defendants admit that between July 5, 2011 and July 8, 2011, they collectively purchased hundreds of thousands of shares of Arch common stock for their benefit. Defendants deny that all the securities were purchased through overseas brokerage accounts. Defendants further deny that these trades were dispersed. Defendants further deny that this trading was unlawful.

   a. Defendant Compania admits that on July 5, 2011, it purchased 30,000 shares of Arch common stock through Bank of America/Merrill Lynch. Defendant Compania lacks knowledge or information sufficient to answer the remaining allegations in Paragraph 12(a);

   b. Defendant Coudree admits that it bought 15,000 shares of Arch through Bank of America/Merrill Lynch. Defendant Coudree lacks knowledge or information sufficient to answer the remaining allegations in Paragraph 12(b);

      c. Defendants admit that between July 6 and July 8, 2011, they collectively purchased 459,828 shares of Arch through Credit Suisse Securities. Defendants lack knowledge or information sufficient to answer the remaining allegations in Paragraph 12(c).

      d. Defendants admit that between July 5 and July 8, 2011, they collectively bought at least 107,000 shares of Arch through Raymond James. Defendants lack knowledge or information sufficient to answer the remaining allegations in Paragraph 12(d).

13. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

14. Defendants deny that they made any unlawful purchases. Defendants lack knowledge or information sufficient to answer the remaining allegations in Paragraph 14. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

15. Defendants lack knowledge or information sufficient to answer whether, prior to the acquisition announcement, there was any public information available about the acquisition. Defendants deny that, prior to the acquisition, there was no significant news about Arch in the public domain.

16. Defendants admit that beginning on or about July 11, 2011, after the acquisition announcement, the Defendants began selling their shares of Arch common stock. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

17. Defendants admit that the profits from its legitimate trading in Arch securities is $7,313,033. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18 in their entirety. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

## ANSWER TO CLAIM FOR RELIEF

### Answer to Claim for Violations of Exchange Act Section 10(b) And Rule 10b-5 Promulgated Thereunder

19. Defendants incorporate by reference their answers to the above Paragraphs as if fully set forth herein.

20. Defendants deny the allegations in Paragraph 20 in their entirety. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

21. Defendants deny the allegations in Paragraph 21 in their entirety. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

22. Defendants deny the allegations in Paragraph 22 in their entirety. Defendants lack knowledge or information as to the truth of the allegations regarding Defendant Chartwell.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the claims set forth in the Complaint. By providing these affirmative defenses, however, Defendants do not

waive, and rather explicitly preserve, the right to amend this Answer to add, supplement, or modify defenses based on amendment of the Complaint, material produced through discovery, or further analysis of the Commission's allegations. Defendants incorporate by reference any defenses applicable to it that are asserted by Defendant Chartwell as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the Complaint purports to allege fraud, it fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

The claims against Defendants are barred, in whole or in part, because Defendants did not engage in any unlawful conduct and because Defendants are not liable for any unlawful acts that may have been committed by Defendant Chartwell.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request relief as follows:

(a) That this Court enter judgment in favor of Defendants and against the Commission on all alleged claims for relief;

(b) That the Commission is entitled to no recovery;

(c) That this Court award Defendants their reasonable costs incurred in defending this action, including reasonable attorneys' fees; and

      (d)    That this Court grant Defendants such other further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Defendants hereby demand trial by jury on all issues so triable.

DATED:    New York, New York
               August 10, 2011

                                          **LOWENSTEIN SANDLER PC**
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          212-262-6700
                                          isorkin@lowenstein.com
                                          *Attorneys for Defendants Compania Internacional Financiera S.A. and Coudree Capital Gestion S.A.*

                                          By:  <u>/s/ Ira Lee Sorkin</u>
                                                     Ira Lee Sorkin